IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-                                          11-CR-206-A

ENRIQUE BOCANEGRA-MARQUEZ,

       Defendant.

## PLEA AGREEMENT

The defendant, ENRIQUE BOCANEGRA-MARQUEZ, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count Information charging a violation of Title 8, United States Code, Section 1326(a) (unlawfully being found in the United States), for which the maximum possible sentence is a term of imprisonment of two years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of one year. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.   The defendant understands that if it is determined that he has violated any of the terms or conditions of supervised release, he may be required to serve in prison all or part of the term of supervised release, up to one year, without credit for time previously served on supervised release.

## II.   ELEMENTS OF THE OFFENSE AND FACTUAL BASIS

3.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a) The defendant is an alien;

b) the defendant previously had been removed from the United States;

c) the defendant, thereafter, was found in the United States on or about June 7, 2011;

d) the defendant's entry into the United States was voluntary; and

e) the defendant had not obtained the consent of the Attorney General of the United States or his successor, the Secretary of Homeland Security, to re-apply for admission to the United States prior to the defendant's return.

**FACTUAL BASIS**

4.  The defendant and the government agree to the following facts, which form the basis for the entry of the guilty plea, including relevant conduct:

> a. The defendant, ENRIQUE BOCANEGRA-MARQUEZ, is a citizen of Mexico and is not a citizen of the United States.
>
> b. On **March 31, 2008**, the defendant was ordered removed from the United States to Mexico by an Immigration Judge in Buffalo, New York.
>
> c. On **January 2, 2009**, the defendant was physically removed from the United States via the Brownsville, Texas Port of Entry. He was provided with Immigration Form I-294, advising him that he would be in violation of Title 8, United States Code, Section 1326 if he entered, attempted to enter, or were to be found in the United States without the permission of the Attorney General of the United States or his successor, the Secretary of Homeland Security.
>
> d. On **June 7, 2011**, the defendant was found unlawfully in the United States in the Western District of New York near a residence in Kent, New York.
>
> g. The defendant is the same individual that was removed from the United States on March 31, 2008.
>
> h. Since his removal from the United States, the defendant never applied for, nor was he ever granted permission from the Attorney General of the United States or his successor, the Secretary of the United States Department of Homeland Security to re-enter the United States.
>
> g. The defendant knew he voluntarily re-entered and remained in the United States illegally.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines.

6. The government and the defendant agree that Guidelines §2L1.2(a) applies to the offense of conviction and prescribes a base offense level of **8**.

#### SPECIFIC OFFENSE CHARACTERISTICS
#### USSG CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that no specific offense characteristics apply.

#### ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **8**.

#### ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two-level downward adjustment prescribed by Guidelines §3E1.1(a) (acceptance of responsibility), which would result in a total offense level of **6**.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if he is sentenced for or convicted of any other charges prior to sentencing in this case, his criminal history category may increase. The defendant understands that he has no right to withdraw his guilty plea on account of the Court's determination of his criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that with a total offense level of 6 and Criminal History Category of **I**, the defendant's sentencing range would be a term of imprisonment of **0** to **6** months, a fine of **$500** to **$5,000**, and a period of supervised release of **one** year. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

12. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement, and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or

recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement, and the defendant will not be entitled to withdraw his guilty plea on account of the sentence imposed by the Court.

## IV.   STATUTE OF LIMITATIONS

14. In the event the defendant's guilty plea is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government, and the defendant further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the facts set forth in Section II of this agreement that is not time-barred as of the date of this agreement. This waiver shall be effective for a period of six months following

the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V. ALIEN STATUS

15. The defendant acknowledges that he is not a citizen of the United States and that he is on notice that his right to enter, remain and/or reside in the United States is subject to the laws, regulations and associated policies of the Department of Homeland Security. The defendant understands that any effect his conviction in this case will have upon his immigration status will be determined by the Department of Homeland Security in a separate proceeding. The defendant has had an opportunity to determine what the consequences of his conviction might be regarding his immigration status.

### VI. GOVERNMENT RIGHTS AND RESERVATIONS

16. At sentencing, the government agrees not to oppose a recommendation that the Court sentence the defendant at the lowest point of the applicable Guidelines range.

17. The defendant understands that the government has reserved the right to:

    a.    provide to the Probation Office and the Court all the information and evidence in its possession that

      the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

c.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

18.   At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 11-M-2050.

19.   The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

20.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the

right to appeal and collaterally attack any component of a sentence imposed by the Court that falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, paragraph 11 above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of his sentence.

21. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in his sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court that falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, paragraph 11 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

23. This plea agreement represents the total agreement between the defendant and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney

BY: _____
ERIC M. OPANGA
Assistant U.S. Attorney

Dated: June July 7, 2011

I have read this agreement, which consists of 11 pages. I have had a full opportunity to discuss this agreement with my attorney, Tracy Hayes, AFPD. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my guilty pleas. I fully agree with the contents of this

agreement.  I am signing this agreement voluntarily and of my own free will.

_____
ENRIQUE BOCANEGRA-MARQUEZ
Defendant

Dated: ~~June~~ July 7, 2011

_____
TRACY HAYES, AFPD
Attorney for the Defendant

Dated: ~~June~~ July 7, 2011

-11-

I, __NICOLAS PUCHUSZIDON__, hereby affirm under penalty of perjury that I am an Interpreter of the Spanish language and that I have carefully and fully translated the entire plea agreement set forth above to the defendant. I further affirm that the defendant has indicated to me that he understands the terms of this plea agreement and that by signing this agreement the defendant agrees to all of its terms and conditions. I further affirm that the defendant has specifically acknowledged to me that he is signing the agreement voluntarily and after full consultation with his attorney.

DATED: July 7, 2011.

X _____
Interpreter

-12-